```
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
```

_____
                                       :
RODERICK BLACK,                        :
                                       :
        Petitioner,                    :   Civ. No. 16-1553 (NLH)
                                       :
     v.                                :   OPINION
                                       :
MARK KIRBY,                            :
                                       :
        Respondent.                    :
_____:

APPEARANCES:
Roderick Black, # 28287-054
FCI Fairton
P.O. Box 420
Fairton, NJ 08320
     Petitioner Pro se

HILLMAN, District Judge

Petitioner Roderick Black, a prisoner confined at the Federal Correctional Institution ("FCI") in Fairton, New Jersey, filed this writ of habeas corpus under 28 U.S.C. § 2241, challenging his conviction and sentence. (ECF No. 1). On March 28, 2016, the Court administratively terminated this action due to Petitioner's failure to satisfy the filing fee requirement. (ECF No. 3). On or about March 30, 2016, Petitioner paid the $5 filing fee and this matter was reopened for review by a judicial officer. Petitioner names as party respondent, the Warden at FCI Fairton pursuant to 28 U.S.C. § 2242. Because it appears from a review of the Petition that this Court lacks jurisdiction

under 28 U.S.C. § 2241, the Petition will be dismissed without prejudice.

## I.   BACKGROUND

Petitioner provides little information in his Petition.  He does not specify the charges for which he was convicted and states only that he was sentenced in North Carolina on September 2, 1994. (Pet. 1, ECF No. 1).  He further states that he filed two appeals, which were both denied on September 18, 1996. (Id. at 2, 3).  Petitioner certifies that he did not file a motion under 28 U.S.C. § 2255 challenging his conviction and sentence. (Id. at 4).

Due to the limited information provided in the Petition, this Court conducted a PACER search to verify the procedural and factual history relevant to the conviction and sentence now challenged by Petitioner in this § 2241 habeas petition.  The search revealed multiple post-conviction filings, including a § 2241 petition filed before the United States District Court for the Middle District of Pennsylvania, which was dismissed for lack of jurisdiction. Memorandum and Order Dismissing Case, Black v. Warden, USP Lewisburg, No. 07-805 (M.D. Pa. May 29, 2007) ECF No. 3.  Petitioner appealed and the Third Circuit affirmed the decision of the district court.  The following factual and procedural history is taken from the Opinion of the

2

Third Circuit affirming the district court's dismissal of Petitioner's § 2241 petition:

> On September 2, 1994, Black was convicted of various drug trafficking offenses, in the United States District Court for the Eastern District of North Carolina. United States v. Black, 97 F.3d 1449 (4th Cir. 1996). He was also convicted of violating 18 U.S.C. 924(c)(1), which criminalizes using or carrying a firearm during a drug trafficking crime, and engaging in a continuing criminal enterprise (CCE) in violation of 21 U.S.C. 848. Id. Black was sentenced to consecutive terms of life in prison and sixty months. Id. The United States Court of Appeals for the Fourth Circuit affirmed the judgment of the district court on September 18, 1996. Id.
>
> In early 2001, Black filed a 28 U.S.C. § 2255 motion with the sentencing court, which denied the motion as untimely. United States v. Black, 19 Fed. Appx. 78 (4th Cir. 2001). He pursued an appeal, and on September 19, 2001, the Fourth Circuit agreed with the district court's conclusion that the § 2255 motion was untimely, denied a certificate of appealability and dismissed the appeal.
>
> On May 2, 2007, Black filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Middle District of Pennsylvania to challenge his 1994 conviction. The district court dismissed the petition on the ground that Black could only challenge his conviction via a § 2255 motion.

Black v. Warden, USP Lewisburg, 253 F. App'x 209, 210 (3d Cir. 2007).

This Court also notes that in 2010 Petitioner filed a second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the United States District Court in the Eastern District of North Carolina. In that motion, he alleged ineffective assistance of counsel due to his counsel's

3

failure to properly pursue a motion to reduce his sentence pursuant to 18 U.S.C. § 3582 in the underlying criminal case. The United States District Court for the Eastern District of North Carolina denied Petitioner's motion. Black v. United States, No. 2:10-CV-46-BO, 2010 WL 4860349, at *1 (E.D.N.C. Nov. 22, 2010).

In 2014, Petitioner filed a third motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In that motion, Petitioner challenged his original sentence of life imprisonment pursuant to the Supreme Court's ruling in Alleyne v. United States, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). In an Order dated September 17, 2014, the United States District Court for the Eastern District of North Carolina dismissed the motion as a second or successive motion for which Petitioner had not sought authorization to file from the Fourth Circuit Court of Appeals. Black v. United States, No. 2:14-CV-35-BO, 2014 WL 4686677, at *1 (E.D.N.C. Sept. 17, 2014), reconsideration denied, No. 2:14-CV-35-BO, 2014 WL 5307465 (E.D.N.C. Oct. 16, 2014).

Petitioner has now filed the instant habeas petition pursuant to 28 U.S.C. § 2241 and asserts that he is actually innocent of the life sentence imposed under 21 U.S.C. § 841. (Pet. 2, 5, ECF No. 1). Petitioner further asserts that § 2255 is inadequate or ineffective to challenge his conviction or

4

sentence because he was sentenced prior to the Supreme Court's decision in Burrage v. United States, 134 S. Ct. 881, 187 L. Ed. 2d 715 (2014).  For the reasons set forth below, the instant Petition will be dismissed.

## II.   STANDARD OF REVIEW

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n. 3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2255.

III. DISCUSSION

A. Safety Valve

"It is axiomatic that federal courts are courts of limited jurisdiction, and as such are under a continuing duty to satisfy themselves of their jurisdiction before proceeding to the merits of any case." Packard v. Provident Nat. Bank, 994 F.2d 1039, 1049 (3d Cir. 1993) (citations omitted), cert. denied, 510 U.S. 946 (1993); see also Gunn v. Minton, 133 S.Ct. 1059, 1064 (2013); Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986). Here, Petitioner has asserted jurisdiction under 28 U.S.C. § 2241. For the reasons set forth below, this Court finds that it lacks jurisdiction to consider this Petition.

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

6

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e).  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

The Court of Appeals for the Third Circuit subsequently emphasized the narrowness of its Dorsainvil holding when it

7

rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See Okereke, 307 F.3d at 120-21 (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard).  Similarly, § 2255 is not "inadequate or ineffective" to address a claim based upon Booker,[1] which is an extension of Apprendi. See Smith v. Nash, 145 F. App'x 727 (3d Cir. 2005), cert. denied, 126 S. Ct. (U.S. Oct. 31, 2005).  In addition, the mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).[2]

---

[1] United States v. Booker, 543 U.S. 220 (2005).

[2] Motions under § 2255 must be made within one year of "(1) the date on which the judgment of conviction becomes final; ... [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Thus, under Dorsainvil and its progeny, this Court could exercise § 2241 jurisdiction over this Petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. See Dorsainvil, 119 F.3d at 251-52; Cradle, 290 F.3d at 539; Okereke, 307 F.3d at 120; Trenkler v. Pugh, 83 F. App'x 468, 470 (3d Cir. 2003).

B. Analysis

Here, Petitioner has failed to bring his claim within the Dorsainvil rule.

As an initial matter, the Supreme Court's decision in Burrage did not decriminalize the conduct for which Petitioner was convicted. With respect to a challenge to the validity of a conviction or sentence based on the Supreme Court's decision in Burrage, the Court of Appeals for the Third Circuit recently stated:

> We agree with the MDPA that this case is not one of the rare instances where § 2255 would be inadequate or ineffective. The Supreme Court's decision in Burrage did not decriminalize the conduct for which Dixon was convicted. Rather, Burrage merely applied Apprendi v. New Jersey, 530 U.S. 466 (2000), and one of Apprendi's progeny, Alleyne v. United States, 133 S.Ct. 2151 (2013). See Burrage, 134 S.Ct. at 887. We have previously held that a § 2255 motion is not an inadequate or ineffective vehicle for raising an Apprendi-based argument. See Okereke, 307 F.3d at 120-21. Accordingly, the MDPA correctly concluded that Dixon could not resort to § 2241 to raise his Burrage

9

>claim, and the MDPA did not err in denying his motion to reconsider.

Dixon v. Warden of FCI Schuylkill, No. 15-4089, 2016 WL 1568147, at *2 (3d Cir. Apr. 19, 2016) (footnote omitted); see also, e.g., Rodriguez v. Warden Lewisburg USP, No. 15-3555, 2016 WL 1127869, at *3 (3d Cir. Mar. 23, 2016) (noting that Burrage did not provide a basis for granting motion for reconsideration of order dismissing petitioner's § 2241 petition); Gibson v. Thomas, No. 3:CV-14-0820, 2016 WL 213618, at *5 (M.D. Pa. Jan. 19, 2016) (holding that § 2241 petitioner's argument based on Burrage that he was improperly given a sentencing enhancement was "insufficient to fall within the Dorsainvil exception because it presents argument that he is factually innocent of a sentencing enhancement as opposed to being factually innocent of the crime for which he was convicted") (citing United States v. Brown, 456 F. App'x 79, 81 (3d Cir. 2012) (per curiam) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal.").  Therefore, Petitioner may not raise his claim based on Burrage in the instant petition pursuant to § 2241.

Further, as described above, Petitioner has filed several post-conviction actions and at least three motions pursuant to §

2255 in the Eastern District of North Carolina — one of which was filed <u>after</u> the Supreme Court rendered its decision in <u>Burrage</u>. <u>See</u> Motion to Vacate under 28 U.S.C. § 2255, <u>United States v. Black</u>, No. 94-cr-0015 (E.D.N.C. June 13, 2014) ECF No. 531; <u>see also</u> <u>Black v. United States</u>, 2014 WL 4686677, at *1 ("Mr. Black filed a third motion to vacate on June 13, 2014 . . . ."). He therefore had the opportunity to challenge the constitutionality of his sentence in earlier proceedings.

For the reasons set forth above, Petitioner has failed to bring this claim within the safety valve of § 2255, <u>see</u> <u>Dorsainvil</u>, 119 F.3d at 251–52, and this Court lacks jurisdiction to consider the Petition under § 2241. Instead, the Petition is more appropriately characterized as a second or successive motion under § 2255, which Petitioner has not received authorization to file[3], and over which this Court also lacks jurisdiction.

If a "second or successive" habeas petition is filed in the district court without authorization from the appropriate court of appeals, the district court may dismiss for lack of jurisdiction or transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631. <u>See</u> <u>Padilla v. Miner</u>, 150 F. App'x

---

[3] Petitioner makes no allegation that he sought, or received, permission from the Fourth Circuit to file a second or successive motion under § 2255.

116 (3d Cir. 2005); Littles v. United States, 142 F. App'x 103, 104 n. 1 (3d Cir. 2005) (citing Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003)). However, because § 2244(b) is effectively "'an allocation of subject-matter jurisdiction to the court of appeals,'" Robinson v. Johnson, 313 F.3d at 140 (quoting Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)), a district court may dismiss such a petition only without prejudice. See Ray v. Eyster, 132 F.3d 152, 155-56 (3d Cir. 1997).

As Petitioner has already filed a § 2255 motion in the trial court, and cannot file a second or successive motion without leave of the appropriate Court of Appeals, this Court must determine whether transfer of this Petition to the Court of Appeals for the Fourth Circuit, for consideration as an application for leave to file a "second or successive" petition, would be in the interest of justice.  Under 28 U.S.C. §§ 2244 and 2255, the Court of Appeals may authorize the filing of a second or successive § 2255 motion only if it contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on

collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

In this case, Petitioner does not allege as a ground for relief any of those for which a Court of Appeals may authorize the filing of a second or successive § 2255 petition.  The instant Petition is premised entirely on the Supreme Court's holding in Burrage and, even assuming the holding is applicable to the circumstances of Petitioner's case, it is unlikely that the Fourth Circuit would grant Petitioner leave to assert his claims under Burrage in a second or successive petition. See, e.g., UNITED STATES OF AMERICA v. DAVID OWENS, Petitioner., No. 3:05CR264-HEH-1, 2016 WL 1562917, at *3 (E.D. Va. Apr. 15, 2016) (collecting cases and noting that "several courts have already found that Burrage did not announce a new rule of constitutional law and that, even if it had, the Supreme Court did not make Burrage retroactively applicable"); Evans v. United States, No. CV CCB-16-928, 2016 WL 1377365, at *3 (D. Md. Apr. 6, 2016) (quoting United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008)) ("The Fourth Circuit has 'not extended the reach of the [§ 2255(e)] savings clause to those petitioners challenging only their sentence.'").

Moreover, as set forth above, motions under § 2255 must be made within one year of "(1) the date on which the judgment of conviction becomes final; . . . [or] (3) the date on which the

13

right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . ." 28 U.S.C. § 2255(f).  Burrage was decided on January 27, 2014; however, the instant Petition was not filed until March 15, 2016[4] — more than two years later.  Thus, it appears that Petitioner's Burrage claim is time barred as beyond the one-year statute of limitations — despite the fact that during this one-year timeframe he filed a second or successive § 2255 motion in the Eastern District of North Carolina based on entirely different grounds. See Motion to Vacate under 28 U.S.C. § 2255, United States v. Black, No. 94-cr-0015 (E.D.N.C. June 13, 2014) ECF No. 531; see also Black v. United States, 2014 WL 4686677, at *1 ("Mr. Black filed a third motion to vacate on June 13, 2014 . . . .").  For these reasons, it would not be in the interest of justice to transfer this Petition to the Court of Appeals for the Fourth Circuit.

---

[4] Although the Petition was filed on the docket March 21, 2016, the Petition is dated March 15, 2016. See (Pet. 9, ECF No. 1); see also Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (under the prison mailbox rule, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing[.]").

IV. <u>CONCLUSION</u>

For the foregoing reasons, the Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, will be dismissed without prejudice for lack of jurisdiction.

An appropriate Order will be entered.

                                                                                                                    <u>s/ Noel L. Hillman</u>
                                                                                                                    NOEL L. HILLMAN
                                                                                      United States District Judge

Dated: June 6, 2016
Camden, New Jersey