```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
RODERICK BLACK,                     :
                                    :
         Petitioner,                :    Civ. No. 16-1553 (NLH)
                                    :
     v.                             :    OPINION
                                    :
MARK KIRBY,                         :
                                    :
         Respondent.                :
_____:

APPEARANCES:
Roderick Black
28287-054
Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320
     Petitioner Pro se

HILLMAN, District Judge

　　This matter comes before the Court upon Petitioner Roderick Black's ("Petitioner") Motion for Reconsideration of this Court's Opinion and Order dismissing his Petition under 28 U.S.C. § 2241. (ECF No. 6.)  For the reasons discussed below, the Court will deny reconsideration.

I. BACKGROUND

　　Petitioner is a federal inmate confined at the Federal Correctional Institution in Fairton, New Jersey. (Pet., ECF No. 1.)  In his Petition, Petitioner asserted that he was actually innocent of the life sentence imposed under 21 U.S.C. § 841 and

that § 2255 is inadequate or ineffective to challenge his conviction or sentence because he was sentenced prior to the Supreme Court's decision in Burrage v. United States, 134 S. Ct. 881, 187 L. Ed. 2d 715 (2014). (Pet. 2, 5, ECF No. 1).

In an Opinion and Order entered on June 7, 2016, this Court dismissed the Petition for lack of jurisdiction, finding that "the Supreme Court's decision in Burrage did not decriminalize the conduct for which Petitioner was convicted." Black v. Kirby, No. 16-1553, 2016 WL 3219864, at *4 (D.N.J. June 7, 2016). The Court further noted that, in a recent decision, the Third Circuit confirmed that a challenge to a conviction based on Burrage did not fall into the limited exception where § 2255 is inadequate or ineffective. Id. (citing Dixon v. Warden of FCI Schuylkill, No. 15-4089, 2016 WL 1568147, at *2 (3d Cir. Apr. 19, 2016)).

In the instant Motion, Petitioner seeks reconsideration of the dismissal of his Petition on two grounds:

> 1) Whether the rule announced in Burrage is an intervening change in law, base an a substantive statutory interpretation of an existing statute 84 (1) (a) an if he entitlted to the benefit from the interpretation to filed 2241 challenge actually innocence of drug conviction.
>
> 2) Whether the rule announced in Burrage that narrow the scope of the statute (drug element) of 841 (a) (1) if he being convicted without the element of crime charge and if so, is conduct deem non-criminal this Court had the

> jurisdiction to adhere Supreme Court case law
> and vacate Black conviction of drug crime base
> on the intervening change in law. When
> Burrage interpreted a substantive criminal
> statute 841 (a)(1).

(Mot. 9, ECF No. 6.) (spelling and grammatical errors contained in original).

II. DISCUSSION

A motion for reconsideration may be treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b), or it may be filed pursuant to Local Civil Rule 7.1(i). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Id. A motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached, P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F.Supp.2d 349, 352 (D.N.J. 2001), and mere disagreement with the Court will not suffice to show that the

Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999).

In this matter, there has been no intervening change in the controlling law since the time the Court entered its Opinion and Order and there is no new evidence that was not available when the Court dismissed the Petition.  To the extent Petitioner is arguing that there is a need to correct a clear error of law, the Court notes that it relied on a Third Circuit Court of Appeals case in finding that the Supreme Court's decision in Burrage does not fall within the parameters of the Dorsainvil[1] exception, which allows a prisoner to bring such a claim in a petition under 28 U.S.C. § 2241.  Black v. Kirby, 2016 WL 3219864, at *4 (citing Dixon, 2016 WL 1568147, at *2).  As such, any intended argument that there is a need to correct a clear error of law is without merit.

III. CONCLUSION

For the reasons stated above, the Court will deny the Motion for Reconsideration.  An appropriate order follows.


Dated: January 31, 2017                s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.

---

[1] In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997)